UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BUENVIAJE,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC. et al.,<br><br>Defendant. | Case No.:  23-cv-1938-W-MMP<br><br>**ORDER DENYING JOINT MOTION TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 19] |

Before the Court is the parties' second Joint Motion to Modify Scheduling Order ("Second Joint Motion"). [ECF No. 19.] Plaintiff requests the Court modify the Scheduling Order to allow Plaintiff to designate a psychiatrist who treated Plaintiff on July 25, 2024—after the expert designation deadline—as a non-retained expert. [ECF No. 19-1 at 5.] Defendant opposes the request. [*Id.* at 13–16.] On September 13, 2024, the Court held a conference with counsel for both parties in which it expressed concerns regarding the timing of Plaintiff's treatment as well as his diligence in complying with the expert designation deadline. [ECF No. 21.] Following the conference, the Court permitted supplemental briefing from both parties. [ECF Nos. 22, 23.]

Having considered the parties' Second Joint Motion and declarations in support thereof, as well as both parties' supplemental briefing, and for the reasons stated below, the Court **DENIES** Plaintiff's request to modify the Scheduling Order.

I. BACKGROUND

    A.    Procedural History

On September 8, 2023, Plaintiff filed this employment discrimination action in the Superior Court for the County of San Diego, asserting claims for associational disability discrimination and failure to engage in the interactive processes under the Fair Employment and Housing Act, California Government Code section 12940 ("FEHA"), retaliation in violation of FEHA and the California Family Rights Act ("CFRA"), Government Code section 12945.2, and wrongful termination in violation of public policy. [ECF No. 1-4.] Plaintiff alleges Wal-Mart unlawfully terminated his employment ten days after he informed his supervisor that he intended to take leave under CFRA and the Family Medical Leave Act to care for his terminally ill brother. [*Id.* ¶¶ 10–15.] Plaintiff alleges he suffered "considerable emotional distress" as a result. [*Id.* ¶ 16.] Defendant answered and then removed the case to federal court based on diversity jurisdiction. [ECF Nos. 1, 2.]

On January 10, 2024, the Court entered a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, which in relevant part set a deadline of July 12, 2024 for the parties to designate respective experts in writing. [ECF No. 10 ¶ 3.]

On March 11, 2024, Plaintiff amended his complaint to add claims for disability discrimination and failure to accommodate in violation of FEHA. [ECF No. 14.] The amended complaint reiterates Plaintiff suffered considerable emotional distress. [*Id.* ¶ 23.] On March 25, 2024, Defendant answered the amended complaint. [ECF No. 15.]

On June 4, 2024, the parties jointly moved to extend the fact discovery deadline by ninety (90) days. [ECF No. 16.] In granting the parties' request, the Court expressed its concern the parties delayed their fact discovery for over two months after the Court held its Case Management Conference and further "reminded [the parties] that discovery has

been open since the Parties' Rule 26(f) conference" which occurred on December 12, 2023. [ECF No. 17 at 2; *see* ECF No. 7 at 1.]

### B. Relevant Discovery Background

On May 17, 2024, Defense counsel deposed Plaintiff. [ECF No. 19-3 ¶ 4.] Based on the excerpt filed with this motion, Plaintiff testified he had "not yet" received any treatment for depression. [*Id.* at 12:11-13.][1] He further testified he intended to get treatment and was "working on it right now" because he had insurance. [*Id.* 13:2-9.] He also agreed he had not sought treatment since obtaining medical insurance in November 2023 and further testified he was going to start getting treatment "as soon as possible." [*Id.* at 13:10-19.] When asked how he was trying to find a doctor, Plaintiff stated he had to go to his primary care physician for a recommendation. [*Id.* at 15:22–16:1.] He also testified he had not received treatment for anxiety because he had been "just busy." [*Id.* at 14:17–15:18.]

On July 12, 2024, the expert designation deadline, Defendant designated a retained economist and psychiatrist, and Plaintiff designed three non-retained treating physicians, none regarding his emotional distress. [ECF No. 19-3 ¶¶ 5–6; *see* ECF No. 19-2 at 8–11.] Nor did Plaintiff designate any other expert to testify as to his emotional distress. [*See id.*]

On July 25, 2024, Plaintiff treated with a psychiatrist. [ECF No. 19-2 ¶ 3.] This was the only treatment session with this psychiatrist.[2] Plaintiff represents "[he] never treated with a physician for emotional distress arising from his termination with Defendant prior to the expert designation deadline" and was "unable to obtain an appointment with a physician/psychiatrist until the date of July 25, 2024." [ECF No. 19-1 at 12.]

The following day was the deadline for rebuttal expert designations, and Plaintiff did not designate any rebuttal experts. [ECF No. 19-3 ¶ 7.]

---

[1] The Court cites the CM/ECF page number for deposition transcripts, rather than the page on the deposition transcript itself.

[2] Plaintiff's counsel confirmed a single treatment session during the September 13, 2024 Conference.

On August 5, 2024, Plaintiff's counsel learned of her client's July 25, 2024 psychiatric treatment. [ECF No. 19-2 ¶ 4.] The next day, she requested Defendant agree to stipulate to modify the Scheduling Order deadline to allow Plaintiff to designate the psychiatrist as a non-retained expert. [*Id.* ¶ 5.] On August 7, 2024, Plaintiff's counsel served a proposed Amended Expert Designation on Defendant with the psychiatrist's contact information and offered to stipulate to additional time for Defendant to locate and designate a rebuttal witness if necessary. [*Id.* ¶ 6.]

On August 19, 2024, the parties filed the instant Second Joint Motion. [ECF No. 19.] Plaintiff asserts good cause exists under Rule 16(b) to modify the Scheduling Order because "Plaintiff's counsel was diligent in seeking the amendment," and "Plaintiff's counsel could not have designated [Plaintiff's] current treating physician/psychiatrist as an expert prior to the expert designation deadline of July 12, 2024, because Plaintiff began receiving mental health treatment with this provider *after* the expert designation deadline, on July 25, 2025." [ECF No.19-1 at 9; *see* ECF No. 19-2 at 2 ¶ 4.] Plaintiff represents "[he] was unable to obtain an appointment with a physician/psychiatrist until the date of July 25, 2024" and thus "Plaintiff's counsel could not have met the scheduled deadline for expert designation." [ECF No. 19-1 at 9.] Plaintiff further contends he "acted diligently to notify Defendant's counsel of Plaintiff's treatment with his physician/psychiatrist[.]" [*Id.* at 10.] Plaintiff also asserts Defendant would not be prejudiced because the cost to depose the treating physician is the same now as at the expert designation deadline. On the other hand, Plaintiff contends he will suffer prejudice as he "will be unable to designate his physician as a non-retained expert to testify as to Plaintiff's emotional distress resulting from Defendant's termination of Plaintiff." [*Id.* at 6.]

Defendant opposes the motion, asserting "this is a problem entirely of [Plaintiff's] own making" due to his lack of diligence. [*Id.*] Defendant maintains Plaintiff significantly delayed consulting with a psychiatrist for over seven months after the January 10, 2024 Case Management Conference and over two months after his deposition. [ECF No. 23 at 2.] Defendant also contends there is no good cause because "Plaintiff had the opportunity

4

1 | to retain and timely designate an expert to testify regarding the causation of his alleged
2 | emotional distress but, for some reason, chose to not to do so." [*Id.*; *see* ECF No. 19-1 at
3 | 15 ("Plaintiff's lack of diligence in seeking psychiatric treatment and failing to timely
4 | designate a psychiatric expert (retained or otherwise) was not reasonable[.]").] Defendant
5 | further asserts because the deadline has passed to designate expert witnesses, the applicable
6 | standard is not good cause, but rather, excusable neglect, and Plaintiff has not met this
7 | standard. [ECF No. 23 at 3.] According to Defendant, "[T]hat Plaintiff neglected to keep
8 | his counsel apprised of his significantly delayed psychiatric treatment does not absolve him
9 | or his counsel of their failure to retain and timely designate an appropriate expert witness
10 | nor does it entitle Plaintiff to a modification of the January 10, 2024 Scheduling Order."
11 | [ECF No. 19-1 at 15.]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 16(b)(4) provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4)); *see also* Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, ECF No. 10 ¶ 20 ("The dates and times set forth herein will not modified except for good cause shown."); Chambers Rule VIII ("As provided in Fed. R. Civ. P. 16(b)(4), modification of the Scheduling Order requires the approval of the Court and good cause."). The moving party who seeks to modify the scheduling order "bears the burden of demonstrating good cause." *Hughes v. Wal-Mart Associates, Inc.*, 23-cv-00949, 2024 WL 4216749, at *2 (E.D. Cal. Sept. 17, 2024) (citing *Handel v. Rhoe*, No. 14-cv-1930, 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015)).

As both parties acknowledge, the "good cause" standard under Rule 16(b) focuses on the reasonable diligence of the moving party. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) (internal citations omitted) ("The good cause standard 'primarily considers the diligence of the party seeking the amendment.'"); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) ("Rule 16(b) provides that a district court's scheduling

order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party."); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension."). The Ninth Circuit has instructed "'[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification,' and '[i]f that party was not diligent, the inquiry should end.'" *Kamal,* 88 F.4th at 1277 (quoting *Johnson*, 975 F.2d at 609).

     "In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect." *LaNier v. United States*, No. 15-cv-360, 2017 WL 951040, at *2 (S.D. Cal. Mar. 10, 2017); *see* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). Thus, when the scheduling order deadline has passed, the moving party must establish both good cause *and* excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *LaNier*, 2017 WL 951040, at *2; *Mireles v. Paragon Sys., Inc.*, No. 13-cv-122, 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The weight of these factors is left to the court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## III. ANALYSIS

As the Court already issued a Scheduling Order setting the deadline for expert designations of July 12, 2024, and the deadline passed,[3] Plaintiff must demonstrate good cause and excusable neglect. The Court finds Plaintiff has failed to do so.

The focus of Plaintiff's argument is his counsel was diligent after learning of Plaintiff's July 25, 2024 treatment with his psychiatrist. [*See, e.g.*, ECF No. 19-1 at 5 ("Plaintiff's counsel was diligent in seeking modification of the scheduling order as soon as Plaintiff's counsel became aware of Plaintiff's treatment.").] Neither Defendant nor the Court dispute counsel's diligence upon learning of Plaintiff's treatment on August 5, 2024 and requesting opposing counsel stipulate to amend the Scheduling Order the following day. This argument, however, misses the point because the relevant inquiry is whether Plaintiff was diligent in his efforts to comply with the July 12, 2024 expert designation deadline. *See Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)) ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"); *Cervantes v. Zimmerman*, No. 17-cv-1230, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019) (internal citation omitted) ("Good cause under Rule 16(b)(4) means that a pretrial deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'"). Where the moving party fails to demonstrate "diligence in complying with the dates set by the district court," the party "has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed. R. Civ. P. 16(b)." *Zivkovic*, 302 F.3d at 1087–88.

Plaintiff has failed to show reasonable diligence in complying with the July 12, 2024 expert designation deadline. In his initial filing and supporting declaration from his counsel, Plaintiff does not identify any efforts he made to seek treatment for his emotional distress prior to the deadline. Although Plaintiff asserts he "was unable to obtain an

---

[3] Plaintiff incorrectly contends the request is timely because the Second Joint Motion was filed before the expert discovery cutoff of October 7, 2024. [ECF No. 19-1 at 12.].

appointment with a physician/psychiatrist until the date of July 25, 2024," he offers no evidence, declaration or otherwise, to support this vague assertion (e.g., if and when he made attempts to schedule with a psychiatrist or other mental health professional or when he booked the July 25, 2024 session). [ECF No. 19-1 at 9; *see* ECF No. 19-2.]

In his supplemental brief, Plaintiff asserts "at his deposition in May 2024, [he] was 'working on' trying to get treatment for his depression, anxiety, and other emotional distress that he was suffering from as a result of his termination of employment by Defendant, but that he had previously been unable to get treatment due to loss of his health insurance and that he only got insurance several months after beginning his new job at USPS in November 2023." [ECF No. 22 at 4.] Having reviewed the excerpt of Plaintiff's deposition filed by Defendant and relied on by Plaintiff, the Court finds Plaintiff's testimony does not show diligence. During his May 17, 2024 deposition, Plaintiff testified not only he had "not yet" received any treatment for depression or anxiety, but also he had not *sought* treatment since obtaining medical insurance in November 2023, eight months before. [ECF No. 19-3 at 12:11-13, 13:15-17, 14:17-18.] Plaintiff did not explain the delay—rather, he testified he had been "just busy." [*Id.* at 15:13-18.] Though he indicated he had to go to his primary care physician for a recommendation, Plaintiff offers no testimony or other evidence suggesting he had, in fact, reached out to his primary doctor for a recommendation, much less that doing so caused any delay. [*See id.* at 15:24–16:9.] In short, Plaintiff does not assert, and nothing before the Court suggests, he made any tangible efforts to obtain treatment for his emotional distress or otherwise comply with the July 12, 2024 expert designation deadline.

Defendant also asserts a general lack of diligence, contending "Plaintiff waited sixteen months after his employment with Defendant ended, nine months after he obtained insurance, over seven months after the January 10, 2024 Case Management Conference, and over two months after his May 17, 2024 deposition to consult with a psychiatrist for the first time." [ECF No. 23 at 2.] The Court agrees. As the moving party, Plaintiff has the burden to establish good cause based on his reasonable diligence to comply with the

|   |   |
|---|---|
| 1 | Court's schedule. *See Hughes*, 2024 WL 4216749, at *2. Plaintiff had alleged he suffered |
| 2 | "considerable" emotional distress since the inception of this case and even acknowledged |
| 3 | in the Rule 26(f) report filed January 2, 2024 "[t]he extent of this emotional distress will |
| 4 | be the subject of expert testimony and in an amount according to proof." [ECF No. 7 at 6.] |
| 5 | Thus, the need to designate an expert in compliance with the Court's schedule was well |
| 6 | known throughout this litigation. Yet, Plaintiff has failed to show reasonable diligence in |
| 7 | complying with the July 12, 2024 expert designation deadline, either through a non- |
| 8 | retained treating physician or a retained expert. *See Zivkovic*, 302 F.3d at 1087–88. |
| 9 |       Ninth Circuit law is clear "[i]f that party was not diligent, the inquiry should end." |
| 10 | *Kamal,* 88 F.4th at 1277 (citing *Johnson*, 975 F.2d at 609). The Court's conclusion Plaintiff |
| 11 | was not diligent is dispositive of the Rule 16(b) good cause analysis. Nevertheless, the |
| 12 | Court finds prejudice to Defendant also supports denying modification of the Scheduling |
| 13 | Order given the significant delay in Plaintiff's seeking treatment until after the applicable |
| 14 | deadline as well as the current procedural posture of the case, after fact and expert |
| 15 | discovery have now closed, and with pretrial motions due November 8, 2024. Modifying |
| 16 | the schedule at this late stage in the litigation would require reopening expert discovery, |
| 17 | providing additional time for Defendant to designate a rebuttal witness and complete any |
| 18 | necessary disclosures, and delaying the upcoming dispositive motion cutoff. *See Johnson*, |
| 19 | 975 F.2d at 609 (recognizing "the existence or degree of prejudice to the party opposing |
| 20 | the modification might supply additional reasons to deny a motion"). |
| 21 |       Plaintiff also relies on various cases where a district court has found good cause to |
| 22 | modify a schedule, such as where the movant's counsel was diagnosed with a brain tumor, |
| 23 | the movant sought to substitute an undesignated expert for a timely designated expert, and |
| 24 | the plaintiffs had designated one expert who subsequently withdrew. [ECF No. 22 at 3–4.] |
| 25 | *See Terry v. Register Tapes Unlimited,* No. 16-cv-00806, 2020 WL 916945, at *1 (E.D. |
| 26 | Cal. Feb. 26, 2020); *United States v. J-M Mfg. Co.*, No. EDCV-06-55, 2018 WL 11349905 |
| 27 | (C.D. Cal. Apr. 23, 2018); *Alpha One Transporter, Inc. v. Goldhofer Fahrzeugwerk GmbH* |
| 28 | *& Co.*, No. 13-cv-2663, 2015 WL 12660414, at *1 (S.D. Cal. Feb 6, 2015). The Court finds |

these distinguishable from the instant case, as each scenario presented unique factual circumstances and showed diligent conduct on behalf of the moving party. As discussed above, Plaintiff has not shown diligence in his efforts to comply with the expert designation deadline, despite the Court's expressing concern as to whether Plaintiff was diligent during the September 13, 2024 conference and providing a second opportunity to establish his diligence through a supplemental brief.

In addition to failing to establish good cause to extend the deadline, Plaintiff has also not demonstrated excusable neglect.[4] *See* Fed. R. Civ. P. 6(b)(1)(B), *Mireles*, 2014 WL 575713 at *2. The reason for the delay, including whether it was within the moving party's reasonable control, weighs overwhelmingly against a finding of excusable neglect, as Plaintiff has failed to show any effort to comply with the Court's expert designation deadline prior to the deadline. As discussed above, Plaintiff was on notice of the expert designation deadline since January 2024 when the Scheduling Order issued. Plaintiff was deposed in May 2024, where he was questioned at length regarding both his lack of treatment to date, as well as his efforts made to obtain treatment. Perhaps most significantly, Plaintiff does not identify when he scheduled the appointment, at which point it should have been readily apparent to Plaintiff that he would not be able to comply with the deadline. Both danger of prejudice to Defendant and the length of delay and its potential impact on the proceedings also do not support a finding of excusable neglect. While Plaintiff maintains he has not acted willfully or in bad faith, the Court finds lack of bad faith does not outweigh the other factors.

Finally, Plaintiff argues he will be significantly prejudiced if the Court does not grant the motion to extend the deadline to designate expert witnesses, as he "will be precluded from presenting expert testimony from his psychiatrist with regard to his post-termination emotional distress caused by Defendant." [ECF No. 22 at 5.] Again, the Court finds this

---

[4] Plaintiff does not address the excusable neglect standard, despite the basis for his request is he did not receive treatment until after the expert designation deadline.

argument unpersuasive. As a preliminary matter, the relevant inquiry under both the good cause and excusable neglect analysis is the danger of prejudice to the *opposing* party. *See Kamal*, 88 F.4th at 1277 (recognizing "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" under Rule 16(b)); *Bateman*, 231 F.3d at 1223–24 (recognizing "the danger of prejudice to the opposing party" is one factor in the excusable neglect analysis). Though Plaintiff argues "[a] scheduling order which results in the exclusion of evidence is . . . a drastic sanction," the Court notes denying modification does not prohibit Plaintiff from presenting his psychiatrist as a fact witness regarding his treatment. [*See* ECF No. 22 at 2.] Moreover, the Court agrees with Defendant that any prejudice to Plaintiff is of his own making based on his lack of diligence, particularly where the Court expressed concerns about discovery and reminded the parties of the importance of diligence when the fact discovery deadline was extended. [ECF No. 17 at 2.]

In sum, Plaintiff has not established good cause or excusable neglect to modify the extension of the expert designation deadline.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Joint Motion, ECF No. 19, and **DENIES** Plaintiff's motion to extend the expert designation deadline, ECF No. 22.

The Court reaffirms all remaining dates on the Scheduling Order remain in effect. [*See* ECF Nos. 10, 17.]

**IT IS SO ORDERED**.

Dated: October 25, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge